# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

**DWAYNE L. RIECO,** :

    **Plaintiff** : CIVIL ACTION NO. 3:12-2032

    v. : (CONNER, D.J.)
                                         (MANNION, M.J.)

**WILLIAM HEBE, ET AL.,** :

    **Defendants** :

## REPORT AND RECOMMENDATION[1]

On October 10, 2012 the plaintiff, an inmate at the State Correctional Institution, Retreat, Pennsylvania, filed the instant civil rights action pursuant to 42 U.S.C. §1983. (Doc. No. 1). Though currently incarcerated, the plaintiff alleges improper government conduct leading to the loss of his parental rights, therefore this is not a prison-related civil rights matter. The plaintiff also filed a motion for leave to proceed in forma pauperis, (Doc. No. 2), and an authorization form, (Doc. No. 3). A financial administrative order was issued directing the prison superintendent/warden to begin deducting the proper filing fee from the plaintiff's inmate account. (Doc. No. 5). As the plaintiff is proceeding in forma pauperis, the court accordingly is giving his complaint

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

preliminary consideration pursuant to 28 U.S.C. §1915(e)(2)(B). In giving the plaintiff's complaint preliminary consideration, the court will recommend that the complaint be dismissed with respect to three of the named defendants and the remaining claims be remanded to this court for further proceedings.

I.  **BACKGROUND**

The plaintiff alleges that various state officials interfered with contact he was entitled to have with his son which eventually led to the termination of his parental rights. (Doc. No. 1). Though the facts presented in the complaint are limited, the plaintiff does assert that during his six month permanency review by the Tioga County Department of Human Services several letters the plaintiff wrote to his son were not delivered and that he was denied visitation with his son. The plaintiff alleges that these deprivations were the result of a combination of legal malpractice and intentional acts designed to deprive him of due process. The plaintiff brings his claims against William Hebe;[2] the plaintiff's court appointed counsel, Richard McCoy; Tioga County Public Defender Anne Marie Nasek; Judge Robert E. Dalton; guardian ad litem

---

[2] The plaintiff lists Defendant Hebe as the District Attorney of Tioga County, Pennsylvania. (Doc. No. 1 at 2). Signed documents attached as exhibits to the complaint, however, indicate that he was not in fact acting as the District Attorney. (Doc. No. 1 at 7).

2

Lenore Urbano; and Tioga County Department of Human Services employees Jenny Farrer and Michele Rigalbuto.

## II. DISCUSSION

Section 1915(e)(2)(B) mandates that a district court dismiss a case by a plaintiff proceeding in forma pauperis "if the court determines that . . . the action or appeal (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B).

Though the complaint is unclear as to the specific role each of the defendants played in depriving the plaintiff of his rights, several of the defendants enjoy immunity and the court therefore recommends that they be dismissed from the case pursuant to 28 U.S.C. §1915(e)(2)(B)(iii).

Defendant Judge Robert E. Dalton is entitled to Eleventh Amendment immunity on any claims brought against him in his official capacity. *See Benn v. First Judicial District,* 426 F.3d 233, 241 (3d Cir. 2005)). Further, in his individual capacity, defendant Dalton is entitled to absolutely immunity. *See Id.* (citing *Mireles v. Waco,* 502 U.S. 9, 12 (1991)). "A judge will not be deprived of immunity because the action he took was in error, was done

3

maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.* (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (internal citation omitted)). Here, the plaintiff has failed to make any allegations that the judge acted outside his jurisdiction or was involved in the alleged deprivation in any way other than his official judicial capacity. As such, the court recommends that all claims against Defendant Dalton be dismissed.

With respect to Defendants McCoy and Nasek each also have immunity under facts presented. "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of §1983." *Polk County v. Dodson*, 454 U.S. 312, 318 (1981). Moreover, court-appointed counsel, public defenders, and investigators employed by a public defender are absolutely immune from civil liability under §1983 when acting within the scope of their professional duties. *See Black v. Bayer*, 672 F.2d 309, 317 (3d Cir. 1982), abrogation on other grounds recognized in, *D.R. by L.R. v. Middle Bucks Area Vocational Technical School*, 972 F. 2d 1364 (3d Cir.1992). Here, the plaintiff states that Defendant McCoy was is court-appointed attorney during the custody proceedings and is therefore entitled to immunity. Defendant Nasek is listed as a member of

4

the office of the Tioga Country Public Defender, however, her personal involvement in the alleged deprivation is not clear. Regardless, the plaintiff has not alleged any personal involvement by Defendant Nasek beyond identifying her as a public defender and to the extent that she acted as a public defender any claims against her should be dismissed.

With respect to Defendant Hebe, the plaintiff asserts Defendant Hebe was the Tioga County District Attorney; however, the record is unclear as to any official capacity Defendant Hebe may have had. (Doc. No. 1 at 7). Similarly, with respect to Defendants Farrer and Rigalbuto, the complaint raises allegations related to their roles as employees of the Tioga County Department of Human Services, but fails to explain their involvement with any specificity. Finally, the record is also unclear as to the role the guardian ad litem, Defendant Urbano, had in representing the plaintiff's son or in the Department of Human Service's allegedly flawed investigation.

The court recommends that the case be remanded to this court for further proceedings with respect to these defendants, at which time the plaintiff will be allowed the opportunity to amend his complaint to correct these defects as to the remaining defendants.

**THEREFORE, THE COURT RECOMMENDS, THAT:**

**(1)** Pursuant to 28 U.S.C. §1915(e)(2)(B), claims against Defendant Richard McCoy be **DISMISSED**;

**(2)** Pursuant to 28 U.S.C. §1915(e)(2)(B), claims against Defendant Anne Marie Nasek be **DISMISSED**;

**(3)** Pursuant to 28 U.S.C. §1915(e)(2)(B), claims against Defendant Judge Robert E. Dalton, Jr. be **DISMISSED**;

**(4)** The case be remanded to the undersigned for further proceedings.

*Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Dated: October 17, 2012**
O:\shared\REPORTS\2012 Reports\12-2032-01.wpd